## THE WATERBURY TRUST CO.
### vs.
## MICHAEL J. McEVOY

Superior Court    New Haven County    File #10949
(At Waterbury)

Present:  Hon. FREDERICK M. PEASLEY, Judge.

Bronson, Lewis & Bronson,    Attorneys for the Plaintiff.

Carmody & Thoms,    Attorneys for the Defendant.

**MEMORANDUM FILED SEPTEMBER, 1935.**

PEASLEY, J. The payment of the note sued upon in this action was partially secured by the deposit of certain shares of stock of the defendant, assigned by him in blank and delivered to the plaintiff. The defendant failed to pay the note when it fell due and the plaintiff notified him that

at a certain time these shares of stock would be sold at public auction at the plaintiff's banking house. At the time and place stated in the plaintiff's notice to the defendant, the plaintiff sold these shares of stock, at private sale, to the plaintiff's president. It did not appear whether the plaintiff's president purchased these shares as president of the plaintiff and on its behalf or in his individual capacity. The defendant had no notice of any private sale of these shares of stock. As these shares were not sold at public auction and as the defendant had no notice of any sale other than by public auction, the sale as to him was the same as though no notice whatever had been given to him and under such circumstances the sale, as to him, was invalid and the private sale of these shares to the plaintiff's president constituted a conversion of the defendant's shares of stock. 49 C. J. 999 Sec. 250.

If it were proper to set off the value of these shares of stock at the time of the conversion against the amount then due upon the defendant's note, it could not now be done, as, from the evidence offered, their value could not be determined.

The plaintiff will take judgment for the full amount of the defendant's note with interest from July 14, 1934, to this date, amounting in all to $14,115.20.